UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN DUKES** | **CIVIL CASE NO.** |
| **VERSUS** | |
| | **25-78-BAJ-EWD** |
| **MANSHIP MEDIA HOLDINGS, WBRZ LLC** | |

**NOTICE AND ORDER**

Before the Court is the amended Complaint for Defamation and Invasion of Privacy, filed by Plaintiff Kevin Dukes ("Dukes"), who is representing himself and proceeding *in forma pauperis* ("IFP"),[1] against "Manship Media Holdings, WBRZ LLC" ("Defendant").[2] Because it is not clear that this Court has federal subject matter jurisdiction over the claims asserted, Dukes will be ordered to file another amended Complaint, as explained in this Order. Alternatively, Dukes may voluntarily dismiss the case.

**I.    BACKGROUND**

Dukes alleges that Defendant published "defamatory publications and broadcasts … which have significantly damaged" Dukes' reputation, during two television broadcasts that aired on February 3, 2023 and August 13, 2024.[3]  In particular, "[t[hese publications falsely accused Mr. Dukes of serious criminal conduct, including murder, despite his complete exoneration by a unanimous jury verdict."  Dukes says that despite "clear evidence" of his innocence, and "multiple notifications to correct the public record," Defendant has continued to spread damaging statements

---

[1] IFP means without paying the court fees.

[2] R. Docs. 6, 8. Dukes' original Complaint named as Defendant "Georges Media, LLC, WBRZ." However, Dukes was granted leave to file an amended Complaint which deleted Georges Media, LLC, WBRZ and named the current Defendant.  R. Docs. 1, 4, 7.  The Clerk of Court was ordered to withhold service of process on Defendant so that the case can be screened pursuant to 28 U.S.C. § 1915(e).

[3] R. Doc. 8, pp. 1, 3.

against Dukes.[4] According to Dukes, Defendant's actions amount to defamation, invasion of privacy, a violation of Duke's federal constitutional rights under the First and Fourteenth Amendments to the U.S. Constitution, and intentional infliction of emotional distress.[5] In connection with these claims, Duke seeks statutory, compensatory, and punitive damages and court costs, as well as an injunction requiring Defendant to cease defamatory behavior and to remove all defamatory content from its media platforms; a declaratory judgment, declaring that Defendant violated Duke's rights; and "restorative actions," including a public apology.[6] Lastly, Dukes seeks to have a default judgment entered against Defendant, which Dukes contends is warranted because Defendant failed to respond to Dukes' "Truth in Fact Affidavit" ("Affidavit") which Dukes served on Defendant in late 2024.[7]

## II. LAW AND ANALYSIS

Dukes is required to explain the grounds for filing in federal court because, unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts can only hear those cases over which there is federal subject matter jurisdiction. It is presumed that a cause lies outside this Court's limited jurisdiction.[8] Federal subject matter jurisdiction may generally be established in two ways. This Court has subject matter jurisdiction

---

[4] R. Doc. 8, p. 1.

[5] R. Doc. 8, pp. 6-8.

[6] R. Doc. 8, pp. 9-11.

[7] R. Doc. 8, pp. 4-5, 8. The grounds upon which Dukes seeks entry of a default judgment are as follows. The Complaint alleges that Dukes served the Affidavit on Defendant on either November 12, 2024 or December 18, 2024 via certified mail, which detailed Dukes' claims of defamation arising out of Defendant's two broadcasts; demanded removal of the offensive content, an apology, and payment of $100 million dollars; specified that Defendant's noncompliance in removing the content would result in a daily $100,000 fine; and stated that Defendant's failure to respond to the Affidavit would result in Defendant's agreement "by default" to the Affidavit's terms, which Dukes could then seek to enforce. R. Doc. 8, pp. 4-5. However, Dukes' Affidavit is not sufficient to seek entry of a default judgment in this Court against Defendant under Federal Rule of Civil Procedure 55; therefore, this form of relief is not yet available to Dukes.

[8] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

over "civil actions arising under the Constitution, laws, or treaties of the United States."[9] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[10] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Dukes).[11] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[12] When a federal court does not have subject matter jurisdiction over a case, it must be dismissed.[13]

*Federal Question Jurisdiction*

Dukes expressly asserts that this Court has jurisdiction pursuant to both 28 U.S.C. § 1331 and § 1332.[14] To assert federal question jurisdiction under 28 U.S.C. § 1331, Dukes must state a cause of action arising under federal law. Dukes' claims for defamation, invasion of privacy, and intentional infliction of emotional distress arise under state law and do not give rise to federal question jurisdiction. While Dukes also claims that his constitutional rights under the First and Fourteenth Amendments were violated, the claim is deficient.[15] Claims for First and Fourteenth Amendment violations, in the context asserted by Dukes, must be raised through 42 U.S.C. § 1983,[16] which has not been alleged by Dukes. Furthermore, a plaintiff asserting a claim under 42

---

[9] 28 U.S.C. § 1331.

[10] 28 U.S.C. § 1332.

[11] *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

[12] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

[13] *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021), citing *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017).

[14] R. Doc. 8, p. 2, ¶ 5.

[15] R. Doc. 8, p. 2, ¶ 5 and pp. 7-8.

[16] Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the constitution and laws of the United States. 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). See *The Heidi Grp., Inc. v. Texas Health & Hum. Servs. Comm'n,* No. 22-294,

U.S.C. § 1983 must demonstrate that a defendant (1) deprived him of his constitutional rights and (2) acted under color of state law.[17] Because private individuals generally are not considered to act under state law, a private individual's actions may only be deemed state action if the defendant's conduct is fairly attributable to the state.[18] Setting aside whether Dukes has adequately alleged a violation of his constitutional rights,[19] the Complaint does not allege conduct by a state actor, nor does it contain factual allegations suggesting that Defendant's acts were fairly attributable to the state. While Dukes alleges, in a conclusory manner: "[t]he actions of the Defendant constitute state action due to the public nature of the broadcasts and the influence on public and judicial proceedings, thus bringing these actions under the purview of federal civil rights laws," a privately owned television station, which is what Defendant appears to be, has been found *not* to be a state actor on similar § 1983 claims involving defamatory publications.[20]

---

2023 WL 2717968, at *4 (W.D. Tex. Jan. 31, 2023), report and recommendation adopted sub nom*., Heidi Grp., Inc. v. Texas Health & Hum. Servs. Comm'n,* No. 22-294, 2023 WL 2733402 (W.D. Tex. Mar. 30, 2023) ("Section 1983 is the necessary vehicle through which a plaintiff must assert a federal constitutional claim. *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382–83 (5th Cir. 1980); *Hunt v. Smith*, 67 F. Supp. 2d 675, 681 (E.D. Tex. Oct. 13, 1999); *see Wickerham v. Waterman*, No. 14- 766, 2014 WL 5469816, at *6 (W.D. Tex. Oct. 28, 2014). Accordingly, to the extent Heidi seeks to assert these claims as free standing, non-§1983 claims, they should be dismissed.").

[17] *Williamson as Next Friend of J.S.W. v. Presbyterian Christian School Inc.,* No. 18-15, 2018 WL 10419234, *3 (S.D. Miss. Oct. 2, 2018), citing *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017).

[18] *Williamson*, 2018 WL 10419234, at *3, citing *Moody*, 868 F.3d at 352.

[19] Dukes alleges First and Fourteenth Amendment violations of his right to a fair trial, to seek redress without public vilification, to be presumed innocent until proven guilty, to due process because Defendant has prejudiced public opinion "and potentially influenc[ed] the judicial process through widespread dissemination of false information," and to equal protection because he has been targeted with false publications and treated differently than others who are similarly situated. No determination is made in this Order whether any of these allegations sufficiently state a constitutional violation.

[20] *See Ford v. Doe,* No. 16-CV-1608, 2017 WL 579946, at *2 (W.D. La. Jan. 24, 2017), report and recommendation adopted, No. 16-1608, 2017 WL 562417 (W.D. La. Feb. 10, 2017) (dismissing the plaintiff's § 1983 claim alleging Eighth and Fourteenth amendment violations in connection with libel and slander claims against a television station that reported the plaintiff as being criminally charged, and holding: "KTBS is a privately owned television station, not a state actor or agency, so no Section 1983 claim could lie against it or its reporters. *See Lavergne v. Dateline NBC,* 597 Fed. Appx. 760 (5th Cir. 2015) (NBC was not a state actor but rather a private broadcasting corporation so not subject to Section 1983 claim); *Payne v. City of Mobile Police Dep't,* 2015 WL 9703356, *3 (S.D. Ala. 2015) (holding "Fox 10 News is not a state actor," and collecting similar cases). There is, therefore, no basis for a claim under 42 U.S.C. § 1983."). *See also Davis v. Louisiana App. Project,* No. 19-35, 2019 WL 2366910, at *2 (W.D. La. Mar. 11, 2019), report and recommendation adopted, No. 19-35, 2019 WL 2353473 (W.D. La. June 3, 2019) (dismissing with

Moreover, to hold a non-state actor liable on a § 1983 claim, "[it] must have engaged in a conspiracy with state actors to violate [his] constitutional rights."[21] Thus, the only other way that Dukes' § 1983 claim could be raised against Defendant is if Defendant were alleged to have conspired with a state actor. However, the Complaint does not contain any factual allegations suggesting that Defendant conspired with any state actors.[22] Because controlling decisions have held that a privately owned media company is not a state actor, as required to maintain a valid 42 U.S.C. § 1983 claim, Dukes does not state a federal controversy.[23] The Court lacks federal question jurisdiction under the facts alleged.[24]

*Diversity Jurisdiction*

Subject matter jurisdiction pursuant to 28 U.S.C. § 1332 requires that (1) all defendants must be citizens of states other than the state(s) of which any plaintiff is a citizen and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs. However, subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 has not been adequately alleged. While Dukes has expressly demanded damages above the jurisdictional threshold of $75,000, exclusive of interest and costs, and has adequately alleged his own Louisiana citizenship,

---

prejudice the plaintiff's defamation claims under § 1983 for the reporting of the plaintiff's pending criminal charges, and holding: "[h]ere, Channel 12 KSLA, Channel 3 KTBS, Channel 6 KTBS, Shreveport Times, Doug Waner of Channel 12 News, and the Inquisitor Newspaper are, manifestly, private citizens/entities, and Plaintiff does not offer any plausible allegations to establish that they acted under color of state law. See *Lavergne v. Turk*, 583 Fed.Appx. 367, 368 (5th Cir. 2014) (observing that Independent Media group was a private citizen); *Bui Phu Xuan v. Fort Worth Star Telegram*, 277 Fed.Appx. 452, 454 (5th Cir. 2008) (observing that the Star-Telegram, which allegedly published two libelous articles about the appellant, was a private party).").

[21] *Williamson,* 2018 WL 10419234 at *3 *citing Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).

[22] *See Williamson*, 2018 WL 10419234, at *3.

[23] *Williamson*, 2018 WL 10419234, at *3 and *Oneida Indian Nation of N.Y. State v. Oneida County, New York*, 414 U.S. 661, 666 (1974).

[24] *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) (holding that dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper "when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy.'") (citations omitted).

5

he has not adequately alleged the citizenship of Defendant. The Complaint's allegation that "Defendant, Manship Media Holdings, WBRZ LLC, is a corporation with its principal place of business in a state other than Louisiana…" is both insufficient and incorrect. The designation "LLC" in Defendant's name implies that it is not a corporation, but rather, a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members (not place of incorporation and principal place of business).[25] Therefore, the identity *and* citizenship of each member of an LLC must be pleaded.[26] This may require going through several layers of entities to identify citizenship, for example if a party that is a limited liability company has members that are also limited liability companies. General allegations that do not specifically identify each member by name are insufficient. Negative or ambiguous allegations of citizenship, like what Dukes originally pleaded, *i.e.*, that a party "is a citizen of a state other than Louisiana," are also insufficient.[27]

    Although he has not adequately established the Court's subject matter jurisdiction, because Dukes is representing himself, he will be given the chance to further amend his Complaint to attempt to do so. Dukes must file a self-contained second Amended Complaint, that sets forth all his allegations, as revised, supplemented, and/or amended, which adequately alleges diversity of citizenship[28] and the requisite amount in controversy, within thirty days. Dukes' second Amended Complaint must fully comply with the requirements of the Federal Rules of Civil Procedure, the

---

[25] R. Doc. 8, p. 2.  *See also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("The citizenship of a limited liability company is determined by the citizenship of all of its members.").

[26] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018).

[27] *Truxillo v. American Zurich Ins. Co.*, No. 16-369, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016).

[28] If even one of Defendant's members is a Louisiana citizen, then complete diversity does not exist.

Local Rules of this Court and the Court's Administrative Filing Procedures regarding the form and content of federal pleadings.[29]

Alternatively, instead of filing another Amended Complaint, Dukes may voluntarily dismiss his Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), which should simply state that Dukes desires to voluntarily dismiss his Amended Complaint, and which would result in the dismissal of Dukes' Complaint without prejudice.[30]

Accordingly,

**IT IS ORDERED** that by no later than **April 24, 2025**, Plaintiff Kevin Dukes must file a self-contained amended Complaint, that sets forth all of Dukes' allegations, as revised, supplemented, and/or amended, and that fully complies with the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Filing Procedures regarding the form and content of federal pleadings. The amended Complaint must adequately allege the basis for federal subject matter jurisdiction in this case. Alternatively, Plaintiff Kevin Dukes may voluntarily dismiss his Complaint by filing a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41(a)(1)(A), as explained above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Notice and Order on Plaintiff Kevin Dukes by regular and by certified mail, return receipt requested at the address listed on PACER. Mail from the Court to Dukes was returned as undeliverable.[31] Dukes is placed

---

[29] *See* Fed. R. Civ. P. 8, 10-11, which are available online, and Local Rules 5, 7, 10, and 11, which may be found on the Court's website at https://www.lamd.uscourts.gov/court-info/local-rules-and-orders ("Middle District of Louisiana--Local Rules"). The Court's Administrative Filing Procedures can also be found on the Court's website.

[30] A dismissal without prejudice may permit Dukes to bring his claims in another venue, including the Louisiana state courts of general jurisdiction, although no opinion is expressed as to whether Dukes can successfully prosecute these claims in another court.

[31] R. Doc. 10.

on notice that Local Civil Rule 41 allows the Court to dismiss a case for failure to prosecute when a notice is returned because of an incorrect address and no correction is made within thirty days.

**NOTICE TO KEVIN DUKES: If you do not timely respond to this Notice and Order, your case may be dismissed without further notice.**

Signed in Baton Rouge, Louisiana, on March 24, 2025.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**